IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROXANNE BARELA,

    Plaintiff,

v.                                                No. 13-cv-1084 SMV/KBM

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff Roxanne Barela's Motion to Remand to State District Court [Doc. 8], filed on November 20, 2013. Defendant responded on December 4, 2013. [Doc. 11]. Plaintiff filed no reply, and the time for doing so has passed. The Court, having reviewed the briefing and the relevant law and being otherwise fully advised in the premises,[1] finds that the motion is not well-taken and should be denied.

Plaintiff initiated this action in state court on August 15, 2013. [Doc. 1-1] at 3. She asserted several causes of action related to an automobile accident in 2010. *Id.* at 4–19. Defendant removed the case to this Court on November 7, 2013, based on diversity jurisdiction. [Doc. 1] at 2. Plaintiff argues that the removal was improper because the amount in controversy does not exceed $75,000 and, thus, does not satisfy 28 U.S.C. § 1332(a). [Doc. 8]. Specifically, she argues that because she made a pre-litigation demand of $35,000, "the jurisdictional amount has not and cannot be met in this matter." *Id.* at 2, 3 (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("For purposes of diversity jurisdiction, a plaintiff's proposed

---

[1] No hearing is necessary because the motion can be decided on the briefing.

settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Defendant responds that, although it vehemently denies any wrongdoing, Plaintiff could prevail and be awarded more than $75,000 on her claims as pleaded. [Doc. 11]. Defendant is correct.

When jurisdiction is challenged based on the amount in controversy, courts look to the allegations in the complaint, which by themselves are generally sufficient to show the jurisdictional amount. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000). To show that the amount in controversy is not met, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *Id.* In other words, the party challenging the satisfaction of the jurisdictional amount requirement will succeed "only if it is shown that there is a legal certainty that the amount in controversy cannot be recovered." 14AA THE LATE CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3702 (4th ed. 2013). Here, Defendant has met its burden to show that there is no legal certainty that Plaintiff will not recover more than $75,000.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff Roxanne Barela's Motion to Remand to State District Court [Doc. 8] is DENIED.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**